# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0794V

| | |
|---|---|
| MICHAELA STRICKLAND,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 27, 2025 |

*Jubaile Abila, Groth Law Firm, S.C., Brookfield, WI,* for Petitioner.

*Adam Nemeth Muffett, U.S. Department of Justice, Washington, DC,* for Respondent.

### **RULING ON ENTITLEMENT**[1]

On May 23, 2024, Michaela Strickland filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), which she amended on January 22, 2025. Petitioner alleges that she "developed left arm pain and disability" due to a tetanus diphtheria acellular pertussis ("Tdap") vaccine received on August 11, 2021, and asserts an injury under section I(C)[3] of the Vaccine Injury Table. Amended Petition at preamble, ¶ 19. Petitioner further alleges that the Tdap vaccine was administered in the United States, she has experienced

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Section I(C) of the Table pertains to shoulder injury related to vaccine administration ("SIRVA") following a vaccine containing tetanus toxoid. 42 C.F.R. §100.3 (I)(C).

symptoms in excess of six months, and she has not received compensation in the form of an award or settlement, or filed a civil action prior to this petition, for her vaccine-related injuries. Amended Petition at ¶¶ 17, 20, 22. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 6, 2025, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that the records demonstrate that Petitioner's injury is consistent with SIRVA as defined by the Vaccine Injury Table in that "petitioner had no history of pain, inflammation, or dysfunction of her left shoulder prior to vaccination; pain occurred within forty-eight hours after receipt of an intramuscular vaccination; pain and reduced ROM [were] limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain." *Id.* at 6. Respondent further agrees that the records demonstrate that Petitioner has suffered the residual effects of her condition for more than six months and has satisfied all legal prerequisites for compensation under the Vaccine Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
